## WILLIAM McCARTY v. GEO. E. JOHNSON, ETC.

**Husband and Wife—Wife's Separate Estate.**

By Act 1867-8, Vol. 1, p. 5, § 1, relating to the power of married women to alienate their separate estates, the Legislature intended to relieve married women from any greater disability in regard to the sale of their separate estates than is imposed on them with regard to their general estates.

**Statutes—Repealing Act.**

Where a subsequent act of the Legislature can not be harmonized with the previous act, the former act is repealed by the latter, although no reference is made thereto in the latter act.

**Husband and Wife—Conveyance of Wife's Estate.**

A married woman may, by joining with her husband, convey her real estate, and retain a separate use in the proceeds of the sale.

APPEAL FROM SCOTT CIRCUIT COURT.

October 22, 1872.

OPINION BY JUDGE PETERS:

On the 9th of Januray, 1863, George Elley published his last will in these words:

"Know all men by these presents, that I, George Elley, of Scott county, Kentucky, do hereby make my last will and testament, re-. voking all other wills by me heretofore made.

"First.—I give and devise my grandson, George Elley Johnson, the homestead, or farm on which I now reside, containing six hundred and fifty acres, to him and his heirs forever, subject, however, to this limitation, that if the said George should die leaving no child or children, or their descendants, living at the time of his death, then said tract of land is to go to my daughter Irene Johnson to be held by her as specified in the next clause of this will.

"Second.—I give and devise to my said daughter Irene Johnson all the remainder of my estate of every kind whatsoever, consisting of land, slaves, and personalty now owned, or hereafter to be acquired by me, to and for her own separate use, free from all interest or control on the part of her present husband; or any other husband she may hereafter have."

This will was probated on the 25th of September, 1863, and Leonidas L. Johnson, the husband of Mrs. Irene Johnson the daughter and devisee of said testator, took out letters of administration with the will annexed on his estate.

On the 13th of September, 1872, the devisees, George E. Johnson, Irene Johnson and her husband, the said L. L. Johnson as husband, also administrator with the will annexed, joined in a contract for the sale of 227 acres, part and parcel of the 650 acres devised by said testator to said George E. Johnson, with contingent remainder to said Irene Johnson, to William McCarty for a full and fair price, and the latter, not being satisfied that his vendors were able to make him a good title to said land, the parties agreed to the foregoing facts, and having made oath that the controversy is a real one, and the proceedings in good faith to determine the rights of the parties as prescribed in Sec. 705, Civ. Code, submitted the same, with a copy of George Elley's will, and of the writing evidencing the sale of the land by the devisees and administrator *cum testamento annexo* to the Scott Circuit Court for an adjudication of the question, and upon final hearing, the court below was of opinion that said vendors could make to McCarty a good and sufficient deed, and that he should accept the one tendered. And from that judgment the appeal is prosecuted by McCarty.

We are satisfied that if the powers of a married woman to alienate her separate real estate, created by deed or will, had not been enlarged since the adoption of the Revised Statutes, that under Sec. 17, Chap. 47, 2 Vol. R. S., p. 28, Mrs. Johnson could

not have alienated her estate in the land contracted to be sold to appellant by joining with the personal representative of the testator. But by an act of the Legislature, approved 16th of January, 1868, 1 Vol. Sess. Acts 1867-8, p. 5, the powers of married women to alienate their separate estates created as aforesaid, are enlarged; that enactment is in the words following:

"1. That where real property has been, or shall hereafter be conveyed, or devised, to a married woman for her separate use, without the intervention of a trustee, and without any restriction upon the sale, or conveyance thereof during coverture, the right of such married woman to sell and convey such property shall be the same as if said property had been conveyed, or devised, to her absolutely, without any separate use being expressed; but her separate use shall continue in the proceeds of such sale."

By this enabling statute the Legislature intended, where no trustee intervened, and where the deed, or will, creating a separate estate in a married woman does not in express terms withhold or restrict the power, to relieve her from any greater disability with regard to the sale and conveyance of her separate estate than she labored under with regard to her general estate; but when she sold said, although no reference is made to the Revised Statutes either in the title or the context of the Act.

It results from the foregoing that Mrs. Irene Johnson, by joining with her husband in a conveyance, may alienate her estate, though it be separate in the land described, the separate use attaching to and continuing in the proceeds.

And the judgment is therefore *affirmed.*

*Darnaby, for appellant.*